IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALVIN JAMES JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:09-CV-526-TMH |
| ) | |
| OFFICER BROWNFIELD, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Alvin James Johnson ["Johnson"], an indigent inmate, sought to initiate this 42 U.S.C. § 1983 action challenging actions taken against him during his confinement at the Montgomery County Detention Facility. However, the plaintiff failed to submit either the requisite filing fee or an application for leave to proceed *in forma pauperis* upon his original submission of the civil action to this court. Accordingly, the court returned the complaint to Johnson and required that on or before June 29, 2009 he "file the complaint accompanied by either the appropriate affidavit in support of [a] motion for leave to proceed *in forma pauperis* ... **OR** the $350 filing fee." *Order of June 9, 2009 - Court Doc. No. 3* at 1-2. In response to this order, the plaintiff filed an application to proceed without prepayment of fees and costs on June 15, 2009 (Court Doc. No. 4). He did not, however, file the complaint as ordered by the court. Moreover, the application to proceed without prepayment of fees, an application made by Johnson under penalty of perjury, contained inaccurate information regarding income received by the plaintiff. This inaccuracy necessitated an amendment to the application explaining the discrepancy in Johnson's sworn application and the inmate

account information filed in support of the application. *Order of June 18, 2009 - Court Doc. No. 5*. Johnson filed the requisite amendment to his application on June 30, 2009 (Court Doc. No. 8) but did not file the complaint as ordered by the court.

In light of the foregoing, the court entered an order that on or before July 16, 2009 Johnson "(i) show cause why he has failed to file the complaint with this court in compliance with the directives of the order entered on June 9, 2009 (Court Doc. No. 3) ('[T]he plaintiff shall file the complaint accompanied by either the appropriate affidavit in support of his motion for leave to proceed *in forma pauperis* ... **OR** the $350 filing fee.'); and (ii) file the complaint as ordered by the court." *Order of July 2, 2009 - Court Doc. No. 9*. The order further "cautioned [Johnson] that if he fails to file a response to this order the undersigned will recommend that this case be dismissed." *Id*. As of the present date, Johnson has filed nothing in response to this order. The court therefore concludes that this case should be dismissed.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to comply with the orders of this court and his failure to properly prosecute this action. It is further

ORDERED that on or before September 2, 2009 the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not

a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 17th day of August, 2009.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE